PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Case No: 1:20-cr-00107-DAD-BAM |
| Plaintiff, | **STIPULATION TO CONTINUE SEPTEMBER 14, 2022 STATUS CONFERENCE TO DECEMBER 14, 2022; AND ORDER** |
| v. | Ctrm:  8 |
| CHRISTOPHER PATTERSON, | Hon. Barbara A. McAuliffe |
| Defendant. | |

This case is set for a status conference on Wednesday, September 14, 2022. Dkt. 43. On May 13, 2020, this Court issued General Order 618, which suspended all jury trials in the Eastern District of California "until further notice." Under General Order 618, a judge "may exercise his or her authority to continue matters, excluding time under the Speedy Trial Act with reference to the court's prior General Order 611 issued on March 17, 2020 . . . with additional findings to support the exclusion in the Judge's discretion." General Order 618, ¶ 6 (E.D. Cal. May 13, 2020). In addition, any judge "may order case-by-case exceptions" to General Order 618's provisions "at the discretion of that Judge or upon the request of counsel, after consultation with counsel and the Clerk of the Court to the extent such an order

1

will impact court staff and operations." General Order 618, ¶ 7 (E.D. Cal. May 13, 2020). This and previous General Orders were entered to address public health concerns related to COVID-19.

On May 26, 2021, and in part "given the progress in vaccination programs and the resulting lowering of risk to public health as evidenced by reductions in rates of infection, hospitalization and death due to COVID-19", this Court issued General Order 631. Within General Order 631, this Court: (1) reopened the court to the public, (2) gave each judge the authority to "determine whether to hold proceedings over which that Judge presides in person in a courtroom or by telephone or videoconference" and (3) if "any Judge [elects to conduct] any criminal proceeding by telephone or video conference . . . [the Court] continues to authorize the use of telephone or video conference with a defendant's consent." General Order 631, ¶ ¶ 1, 4 and 5. (E.D. Cal. May 26, 2021). The court's above protocols were recently extended through September 25, 2022. General Order 652 (E.D. Cal. June 27, 2022).

Although the General Orders address the district-wide health concern, the Supreme Court has emphasized that the Speedy Trial Act's end-of-justice provision "counteract[s] substantive openendedness with procedural strictness," "demand[ing] on-the-record findings" in a particular case. *Zedner v. United States*, 547 U.S. 489, 509 (2006). "[W]ithout on-the-record findings, there can be no exclusion under" § 3161(h)(7)(A). *Id.* at 507. Moreover, any such failure cannot be harmless. *Id.* at 509; *see also United States v. Ramirez-Cortez,* 213 F.3d 1149, 1153 (9th Cir. 2000) (explaining that a judge ordering an ends-of-justice continuance must set forth explicit findings on the record "either orally or in writing").

Based on the plain text of the Speedy Trial Act—which *Zedner* emphasizes as both mandatory and inexcusable—General Orders 611, 612, 617, and 618 require specific supplementation. Ends-of-justice continuances are excludable only if "the judge granted such continuance on the basis of his findings that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial." 18 U.S.C. § 3161(h)(7)(A). Moreover, no such period is excludable unless "the court sets forth, in the record of the case, either orally or in writing, its reason or finding that the ends of justice served by the granting of such continuance outweigh the best interests of the public

2

and the defendant in a speedy trial." *Id.*

The General Orders exclude delay in the "ends of justice." 18 U.S.C. § 3161(h)(7) (Local Code T4). Although the Speedy Trial Act does not directly address continuances stemming from pandemics, natural disasters, or other emergencies, this Court has discretion to order a continuance in such circumstances. For example, the Ninth Circuit affirmed a two-week ends-of-justice continuance following Mt. St. Helens' eruption. *Furlow v. United States,* 644 F.2d 764 (9th Cir. 1981). The court recognized that the eruption created "appreciable difficulty" for the trial to proceed. *Id.* at 767-69; *see also United States v. Correa*, 182 F. Supp. 326, 329 (S.D.N.Y. 2001) (citing *Furlow* to exclude time following the September 11, 2001 terrorist attacks and the resultant public emergency).

The coronavirus is posing a similar, albeit much more enduring, "appreciable difficulty" to the prompt proceedings mandated by the statutory rules. Recently, the Ninth Circuit enumerated a "non-exhaustive" list of seven factors it found to be "relevant" in considering ends-of-justice Speedy Trial Act continuances "in the context of the COVID-19 pandemic." *United States v. Olsen*, --- F.3d ---, 2021 WL 1589359 at *7 (9th Cir. Apr. 23, 2021). That non-exhaustive list includes: (1) whether a defendant is detained pending trial; (2) how long a defendant has been detained; (3) whether a defendant has invoked speedy trial rights since the case's inception; (4) whether a defendant, if detained, belongs to a population that is particularly susceptible to complications if infected with the virus; (5) the seriousness of the charges defendant faces, and in particular whether the defendant is accused of violent crimes; (6) whether there is a reasons to suspect recidivism if the charges against the defendant are dismissed; and (7) whether the district court has the ability to safely conduct a trial. *Id*.

In light of the foregoing, this Court should consider the following case-specific facts in finding excludable delay appropriate in this particular case under the ends-of-justice exception, § 3161(h)(7) (Local Code T4). If continued, this Court should designate a new date for this matter's next status conference. *United States v. Lewis,* 611 F.3d 1172, 1176 (9th Cir. 2010) (noting any pretrial continuance must be "specifically limited in time").

///

///

3

**STIPULATION**

THE PARTIES HEREBY STIPULATE, through their respective attorneys of record, Assistant United States Attorney Brian W. Enos, counsel for the government, and David A. Torres, counsel for defendant Christopher Patterson ("defendant"), that this action's **Wednesday, September 14, 2022 status conference be continued to Wednesday, December 14, 2022, at 1:00 p.m.** The parties likewise ask the court to endorse this stipulation by way of formal order.

The parties base this stipulation on good cause. Specifically,

1. By this stipulation, the parties move to continue the September 14, 2022 status conference until December 14, 2022, and to exclude time between September 14, 2022 and December 14, 2022, under 18 U.S.C. § 3161(h)(1)(A) & B(iv).

2. The parties agree and stipulate, and request that the Court find the following:

   a) The prosecution of this case was reassigned to Assistant United States Attorney, Brian W. Enos, on April 26, 2022. The government filed a designation of counsel in this regard on this date. Dkt. 37. The government has previously represented that the discovery associated with this case has been either produced directly to counsel and/or made available for inspection and copying. The government is aware of its duty to produce supplemental discovery pursuant to Rule 16. No supplemental has currently been identified, but if supplemental discovery is identified in the future it will promptly be produced to the defense.

   b) As the defense completes its analysis of the discovery produced in this case, counsel for the government will work with the defense and HSI's Bakersfield office to ensure that the defense is able to also timely review, upon its request, any electronic evidence in this case in accord with relevant provisions of the Adam Walsh Act. As referenced in the Indictment, this case involves multiple electronic devices and/or storage media, each of which containing voluminous data.

   c) Counsel for the government has commenced drafting a plea offer in this case. The government anticipates that this offer should work through an internal review process and be delivered to the defense within one week.

4

   d) Counsel for defendant desires additional time to consult with his client, to review the current charges, to conduct investigation and research related to the charges, to review discovery for this matter, and to discuss potential resolutions with his client and counsel for the government.  Defense counsel also needs more time to determine the extent an expert should be hired.

   e) Counsel for defendant believes that failure to grant the above-requested continuance would deny him the reasonable time necessary for effective preparation, taking into account the exercise of due diligence.

   f) The parties are mindful of the court's Minute Order dated August 22, 2022, wherein the court advises the parties that, if they do not resolve this case prior to the continued status conference, "they shall be prepared to set a trial date" at that time.  The parties advise the court that they anticipate being ready to set a trial date at the continued status conference on December 14, 2022.

   g) Based on the above-stated findings, the ends of justice served by continuing the case as requested outweigh the interest of the public and the defendant in a trial within the original date prescribed by the Speedy Trial Act.

   h) For the purpose of computing time under the Speedy Trial Act, 18 U.S.C. § 3161, et seq., within which trial must commence, the time period of September 14, 2022 through December 14, 2022, inclusive, is deemed excludable pursuant to 18 U.S.C.§ 3161(h)(1)(A) & B(iv) because it results from a continuance granted by the Court at defendant's request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

3. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

///

///

5

1 | IT IS SO STIPULATED.

3 | Dated:  September 6, 2022					PHILLIP A. TALBERT
							United States Attorney

5 |							By: /s/ Brian W. Enos
							Brian W. Enos
6 |							Assistant United States Attorney

							(*As authorized 9/6/22*)

9 | Dated: September 6, 2022					By: /s/ David A. Torres
							David A. Torres, Esq.
							Attorney for Defendant
							Christopher Patterson

**O R D E R**

IT IS ORDERED that the status hearing currently set for September 14, 2022, at 1:00 pm is continued until **December 14, 2022, at 1:00 p.m. before Magistrate Judge Barbara A. McAuliffe.** In light of the recent reassignment of government counsel, the Court will grant one final continuance.  The Court will not grant further continuances, absent good cause, which will be narrowly construed, and will set a trial date at the next status conference if the case is not resolved in advance of that status hearing.

IT IS FURTHER ORDERED THAT the period of time from September 14, 2022 through December 14, 2022 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv)  because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:   **September 7, 2022**              /s/ Barbara A. McAuliffe
                                            UNITED STATES MAGISTRATE JUDGE