PHILLIP A. TALBERT
United States Attorney
BRIAN W. ENOS
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, Ca 93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Plaintiff
United States of America

**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>CHRISTOPHER PATTERSON,<br><br>　　　　　　　Defendant. | Case No: 1:20-cr-00107 ADA/BAM<br><br>**STIPULATION TO CONTINUE APRIL 17, 2023 CHANGE OF PLEA HEARING TO MAY 1, 2023;  ORDER**<br><br>Ctrm:　1<br>Date:　May 1, 2023<br>Time:　8:30 am<br><br>Hon. Ana de Alba |

**STIPULATION**

THE PARTIES HEREBY STIPULATE, through their respective counsel, Assistant United States Attorney, Brian W. Enos, on behalf of the government, and David A. Torres, Esq., on behalf of defendant Christopher Patterson ("Patterson"), that this action's April 17, 2023 change of plea hearing be continued to Monday, May 1, 2023, at 8:30 am and in Courtroom 1.

The parties base this stipulation on good cause and therefore ask the court to endorse this stipulation by way of formal order.  Specifically,

　　　　1.　　In December 2022, and after extensive negotiations and thorough analyses of the

1

evidence underlying this case, the parties tentatively reached an agreement resolving it in advance of trial. A plea agreement had been delivered to the defense, and the parties stipulated to vacating a December 14, 2022 status conference and setting a February 13, 2023 change of plea hearing before Courtroom 1. Dkt. 48. The court endorsed the parties' stipulation by way of formal order. Dkt. 49.

2. Since the setting of the change of plea hearing, defense counsel met with Mr. Patterson to review the terms of the government's written plea offer in detail prior to signing. As part of this meeting, Mr. Patterson raised a single issue with defense counsel that related to one component of the sentencing guidelines calculations contained therein. Defense counsel and counsel for the government have since discussed this issue, and pursuant to the same government counsel agreed to re-visit the electronic evidence in this case, with the government's lead agent, at HSI's offices in Bakersfield. As a result of these follow up negotiations, the government endorsed the parties' stipulation to continue the change of plea hearing to April 17, 2023 by way of formal order. Dkt. 53.

3. The government has completed its re-assessment of the electronic evidence in this case with the Bakersfield Office of Homeland Security Investigations. Counsel for the parties likewise since discussed this evidence and its potential impact of the terms of the government's plea offer. As a result of these discussions, the government modified one component of the prior plea offer, and delivered the same to defense counsel yesterday afternoon.

4. Defense counsel intends to promptly analyze the government's modified plea offer with defendant. In light of the necessary logistics to accomplish this, the parties agree that the April 17, 2023 change of plea hearing should be briefly continued so this analysis can properly take place before the hearing.

5. The parties have since compared respective calendars and met and conferred about available dates wherein they could both appear at a continued change of plea hearing. The parties have also cleared potential hearing dates with chambers of Courtroom 1. In

light of these efforts, the parties and district court are all available for a continued change of plea hearing to take place on Monday, May 1, 2023 (8:30am). In light of these efforts, the parties ask the court to endorse their stipulation to continue the April 17, 2023 change of plea hearing to May 1, 2023.

6. The parties therefore stipulate that the period of time from April 17, 2023 through May 1, 2023 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

7. Nothing in this stipulation and order shall preclude a finding that other provisions of the Speedy Trial Act dictate that additional time periods are excludable from the period within which a trial must commence.

IT IS SO STIPULATED.

Dated:  April 12, 2023         PHILLIP A. TALBERT
                               United States Attorney

                          By:  /s/ Brian W. Enos
                               Brian W. Enos
                               Assistant United States Attorney

                               (*As authorized 4/12/23*)

Dated: April 12, 2023     By:  /s/ David A. Torres, Esq.
                               David A. Torres, Esq.
                               Attorney for Defendant
                               Christopher Patterson

3

**O R D E R**

IT IS ORDERED that the April 17, 2023 change of plea hearing is continued to Monday, May 1, 2023, at 8:30 am and in Courtroom 1.

IT IS FURTHER ORDERED THAT the period of time from April 17, 2023 through May 1, 2023 is deemed excludable pursuant to 18 U.S.C. §§ 3161(h)(7)(A) and 3161(h)(7)(B)(i) and (iv) because it results from a continuance granted by the Court at the parties' request on the basis of the Court's finding that the ends of justice served by taking such action outweigh the best interest of the public and the defendant in a speedy trial.

IT IS SO ORDERED.

Dated:  April 14, 2023

_____
UNITED STATES DISTRICT JUDGE